Filed 11/20/25  In re A.C. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION SEVEN

| | |
|---|---|
| In re A.C., a Person Coming Under the Juvenile Court Law. | B342428 |
| | (Los Angeles County Super. Ct. No. CK98814-A |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Respondent, v. A.C. et al., Appellants. | |

APPEAL from orders of the Superior Court of Los Angeles County, Tara L. Newman, Judge.  Reversed and remanded with directions.

Lelah S. Forrey-Baker, under appointment by the Court of Appeal, for Appellant A.C.

Christopher Booth, under appointment by the Court of Appeal, for Appellant Deborah P.

Dawyn R. Harrison, County Counsel, and Bryan Mercke, Deputy County Counsel, for Plaintiff and Respondent.

—————————————

Minor A.C. (born 2010) and Deborah P., her maternal grandmother and legal guardian, appeal from an order of the juvenile court terminating the guardianship and returning A.C. to the custody of her Mother, Taylor C.[1] Both contend the juvenile court did not apply the best interest of the child standard when it terminated the guardianship and placed A.C. with Mother because it applied an incorrect standard applicable to different dependency proceedings. The Los Angeles Department of Children and Family Services (Department) concedes "the juvenile court applied the incorrect standard in terminating the guardianship" and "does not oppose reversal of the juvenile court's October 25, 2024 orders and remand for a new hearing." We agree and therefore reverse and remand for the juvenile court to apply the correct legal standard.

As relevant here, after Mother and A.C. failed to reunify, the juvenile court placed A.C. in Deborah's legal guardianship and terminated dependency jurisdiction in April 2018.[2]

---

[1] A.C.'s parents, Taylor and Father Darren H., are not parties to this appeal.

[2] The facts and extensive procedural history relating to the underlying dependency matter do not affect our analysis, and we

In March 2024, Mother filed a Welfare and Institutions Code section 388 petition requesting termination of the legal guardianship and return of A.C. to her custody.[3] The court scheduled a hearing on the section 388 petition.

In April 2024, the juvenile court reinstated dependency jurisdiction, and it granted Mother reunification services and unmonitored overnight visits. The court stayed its order until May 17, 2024, to determine whether the guardianship needed to be terminated for Mother to receive services. On May 17, the court ordered family reunification services for Mother for six months and ordered the legal guardianship to remain in place.

In October 2024, the Department recommended the juvenile court return A.C. to Mother's custody and terminate the legal guardianship. At the section 366.3 permanency planning review hearing on October 25, 2024, the court followed the Department's recommendation to terminate the guardianship and ordered A.C. placed with Mother. At the hearing, the Department asked the court to make its findings regarding A.C.'s return to Mother's custody and the termination of the legal guardianship under "a best interest [of the child] standard." The juvenile court made its rulings based only on its finding that there were "no safety concerns for [A.C.] in her mother's home" and that A.C. "can be safely returned to her mother." The court's minute order states that A.C.'s return to Mother's custody would "not create a substantial risk of detriment" to A.C. A.C. and Deborah timely appealed.

---

only recount the facts and procedural history relating to the challenged orders.

[3]     Undesignated statutory references are to the Welfare and Institutions Code unless otherwise specified.

We review a juvenile court's decision to grant or deny a section 388 petition and orders made at a section 366.3 permanency review hearing for abuse of discretion. (See *In re Priscilla D.* (2015) 234 Cal.App.4th 1207, 1215; *In re Joshua S.* (2003) 106 Cal.App.4th 1341, 1350.) "'A decision that rests on an error of law constitutes an abuse of discretion.'" (*In re Priscilla D.*, at p. 1215.)

A.C. and Deborah argue, the Department concedes, and we agree that the juvenile court applied the incorrect legal standard when it terminated the legal guardianship and returned A.C. to Mother's custody. As this court explained in *Dora V. v. Superior Court* (2024) 104 Cal.App.5th 987, 1004 (*Dora V.*): "'[S]ection 366.3, subdivision (b)(2) and California Rules of Court, rule 5.740(d) set forth the procedure to terminate' legal guardianships created by the juvenile court; this is accomplished 'by way of a petition to modify under section 388.'" (*Dora V.,* at p. 1004, citing *In re N.B.* (2021) 67 Cal.App.5th 1139, 1145, 1147; *In re Z.C.* (2009) 178 Cal.App.4th 1271, 1277.) To prevail on a section 388 petition to terminate a legal guardianship and recover custody of a child, "the parent has to show by a preponderance of the evidence that circumstances have changed such that termination of the guardianship serves the best interests of the child." (*In re Priscilla D.*, *supra*, 234 Cal.App.4th at p. 1218; see *Dora V.*, at p. 1005 ["after the juvenile court establishes a legal guardianship, the guardianship may be terminated pursuant to a section 388 petition and hearing, based on the best interests of the child"]; see also *id.* at p. 1005 ["'At the hearing, the petitioner . . . must show by a preponderance of the evidence termination of the guardianship serves the best interests of the child.'"]; *id.* at p. 1006 ["At a section 366.3 hearing, the best interest of the child standard is applied, rather

4

than the presumption that a child should be returned to a parent unless there is substantial risk of detriment."].)

At the October 2024 hearing, the juvenile court did not apply the best interest of the child standard when it terminated the legal guardianship and returned A.C. to Mother's custody. Instead, the court made its rulings based on its finding that there were no safety concerns for A.C. in Mother's home. Indeed, the court's minute order states that return of A.C. to Mother's custody "would not create a substantial risk of detriment to the safety, protection, or physical or emotional well-being of" A.C. These findings appear to reflect those more appropriate at a 12- or 18-month family reunification review hearing, rather than those required to terminate a legal guardianship and return a child to parental custody. (See §§ 366.21, subd. (f)(1) [at 12- and 18-month review hearings, "the court shall order the return of the child to the physical custody of their parent . . . unless the court finds, by a preponderance of the evidence, that the return of the child to their parent . . . would create a substantial risk of detriment to the safety, protection, or physical or emotional well-being of the child"], 366.22, subd. (a)(1).)

As explained above, the correct standard to be applied is whether termination of the guardianship and placement in parental custody is in the minor's best interest. (See *Dora V.*, 104 Cal.App.5th at pp. 1005-1006; *In re Priscilla D.*, *supra*, 234 Cal.App.4th at p. 1218; § 366.3, subd. (b)(2); Cal. Rules of Court, rule 5.740(d).) Because the juvenile court did not apply the correct legal standard, the court abused its discretion, and remand is necessary for the court to apply the correct standard in the first instance.[4]

---

[4] As stated, the Department concedes remand is necessary and does not argue the error was harmless.

5

## DISPOSITION

The juvenile court's orders terminating the legal guardianship and placing A.C. with Mother are reversed.  On remand, the court shall hold a new hearing where it applies the best interest of the child standard applicable to termination of the legal guardianship and placement in parental custody.


MARTINEZ, P. J.

We concur:



SEGAL, J.                                    STONE, J.

6